Kingman & Co. v. Martin.

KINGMAN & COMPANY

v.

STEPHEN MARTIN ET AL.

*Sales—Exclusive Territory—Warranty—Breach—Damages.*

The warranty in a contract, guaranteeing the exclusive sale of a machine within a certain territory, is not broken by the sale within said territory of a different machine manufactured by a third party under the same patent.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. KELLOGG & CAMERON, for appellant.

The damages for a breach of contract are confined to such as the parties must have contemplated at the time it was entered into, speculative or remote damages being excluded. Green v. Mann, 11 Ill. 613; Haven v. Wakefield, 39 Ill. 509; S. & M. R. R. Co. v. Henry, 14 Ill. 156; Priestly v. N. Ind. & C. R. R. Co., 26 Ill. 205; Olmstead v. Burke, 25 Ill. 86; Frazier v. Smith, 60 Ill. 145; Hiner v. Richter, 51 Ill. 299; Greene v. Williams, 45 Ill. 206; C., B. & Q. R. R. v. Hale, 83 Ill. 360; I. C. R. R. Co. v. Cobb, 64 Ill. 146; Moline Water Power Co. v. Waters, 10 Ill. App. 159.

Messrs. STEVENS, LEE & HORTON, for appellees.

LACEY, J. Appellant, being a corporation, sold, by written contract, to appellees, 400 of Strowbridge broadcast seeders, manufactured by Stephen Freeman & Sons, Wisconsin, on the 31st day of October, A. D. 1885. One hundred and twenty-five dollars was acknowledged to be paid by the contract, leaving balance due $1,334.59 for the remaining seeders and other small matters.

By the terms of the same contract and as a part of its provisions the appellant guaranteed the exclusive sale of the above named seeders in certain territory mentioned therein in the State of Illinois. The seeders were delivered under the contract. Appellees pleaded a set-off, claiming a breach of the guaranty and damages resulting therefrom, in that other seeders of the said kind were sold in the limits of the territory mentioned in the contract.

The court below allowed proof to go to the jury over the objection of appellant, showing that the Strowbridge broadcast seeder, manufactured by the "Racine Manufacturing Company, Wisconsin," was sold in said territory, a different machine

from the one made by Stephen Freeman & Sons and not so well made and not so good, construing the warranty to extend to all "machines made under the same patent by whomsoever manufactured," and also proof of resulting damages.

By this means the appellees procured a set-off in the verdict of the jury to the amount of $690.

The question presented here is whether the court erred in the construction of the contract. We are of the opinion tha the ruling was erroneous.

There were no Strowbridge broadcast seeders manufactured by *Stephen Freeman & Sons,* sold in the territory to which the warranty extended other than the ones sold by appellees and no pretense of any breach of the warranty unless this proof was competent.

To give the contract such a construction was enlarging and extending the warranty beyond either the letter or spirit of the contract. Parties have a right to make such a contract as they choose and it is the duty of courts to enforce them as made. The Racine Manufacturing Company was organized in 1883 and failed in 1885, before June the 4th of that year. Stephen Freeman & Sons then organized and manufactured the machine sold and mentioned in the contract in question on an improved scale, and advertised it as the "Freeman Broadcast Improved Seeder." The Racine seeder was spoken of between appellant and appellees as an inferior machine. The difference in the machine was well understood.

If the appellant had offered to deliver any other machine than the one manufactured by Stephen Freeman & Sons, would appellees have been compelled to accept it under the contract? Clearly not.

Even if there had been no difference save the name and brand they would have a right to demand the identical article bought, not an equivalent one. And in like manner the machine mentioned in the contract was the only one appellants guaranteed should not be sold in the prescribed territory.

There were some other minor errors but for this fatal one the judgment is reversed and the cause remanded.

*Reversed and remanded.*